**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Meizhen Wang,

      Plaintiff,

v.

Costco Wholesale Corporation,

      Defendant.

Case No. 2:23-cv-01097-JAD-BNW

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Amend. ECF No. 16. Defendant Costco Wholesale Corporation opposed. ECF No. 17. Plaintiff replied. ECF No. 15.

After applying 28 U.S.C. §1447(e) and considering the relevant factors under *Newcombe (*prejudice to Plaintiff, balancing the equities, and determining whether injustice would occur) the Court will recommend that Plaintiff's motion be denied to the extent that Leonardo Lopez will not be substituted as a party. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)

I. **BACKGROUND**

    **A. Procedural Background**

Plaintiff initiated this action by filing a complaint in state court on June 21, 2023. ECF No. 6 at 6. Plaintiff alleged that on April 26, 2023, Defendants, each having a duty of care toward Plaintiff, were negligent in failing to remove equipment from one of the Costco aisles, causing Plaintiff physical injuries. *Id.* at 9. Plaintiff also alleges Defendants were negligent in their selection, hiring, training, supervision and/or retention of personnel charged with maintaining a safe area for the public. Plaintiff brought two causes of action ("Negligence" and "Negligent Hiring, Training, Supervision, and Retention") against Costco and Doe Equipment Operator. *Id.* at 6.

Costco removed this case based on diversity jurisdiction on July 13, 2023. ECF Nos. 1, 4, and 6.

On November 22, 2023, Plaintiff moved to amend her complaint to (1) substitute the Doe Defendant for Leonardo Lopez, and (2) clarify the type of equipment involved in the accident. ECF No. 16.

**B. Parties' Arguments**

Plaintiff relies on Federal Rule of Civil Procedure 15 and explains that none of the factors precluding amendment under Fed. R. Civ. P. 15 (bad faith, undue delay, prejudice to the opposing party, futility of amendment) are present.

Costco opposes on the grounds that Plaintiff's motion was filed in bad faith (for the sole purpose of defeating diversity jurisdiction) and futile. In this vein, Costco argues that the doctrine of *respondeat superior* requires Costco to answer (and pay) for the negligence of its employees, dispensing with the need to add Mr. Lopez as a party. ECF No. 17. Moreover, Costco acknowledges that Mr. Lopez was acting in the course and scope of his employment.

Plaintiff's reply argues that the amendment is not futile. ECF No. 18. She contends she must add Mr. Lopez as the doctrine of *respondeat superior* cannot take effect unless she first obtains a negligence finding against Mr. Lopez. ECF No. 15. According to Plaintiff, whether adding Mr. Lopez as a Defendant destroys jurisdiction is simply incidental and irrelevant to the need to add him.

## II.  ANALYSIS

There is a split in authorities, unresolved by the Ninth Circuit, on whether Rule 15 or 28 U.S.C. § 1447(e) governs the Court's decision to permit joinder of defendants that would destroy diversity. *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014); *see also Magana v. Archer Daniels Midland Co.*, No. 120CV00578NONESKO, 2021 WL 1375466, at *1 (E.D. Cal. Apr. 12, 2021) (acknowledging that the Ninth Circuit has yet to resolve what standard governs this situation); *Armstrong v. FCA US LLC*, No. 119CV01275DADSAB, 2020 WL 6559232, at *3, n.3 (E.D. Cal. Nov. 9, 2020) (recognizing split).

Under Rule 15, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its

pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The standard for granting leave to amend is generous." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). And "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986). "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Corinthian Colls.*, 655 F.3d at 995. These factors, however, are not equally weighted. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

The Court believes that the proper analysis of a motion to amend that would add defendants and destroy subject matter jurisdiction is under 28 U.S.C. § 1447(e). While district courts in the Ninth Circuit have gone both ways, the Ninth Circuit's decision in *Newcombe* suggests that the proper analysis is under 28 U.S.C. § 1447(e). . *Id*.

In *Newcombe*, after the case was removed, the plaintiff sought to add a defendant that would destroy diversity. *See id.* The district court denied the motion and the Ninth Circuit affirmed. *See id.* The Ninth Circuit cited Section 1447(e) (not Rule 15) and explained that

> [t]he district court considered the potential prejudice to Newcombe, balanced the equities, and determined that no injustice would occur. The district court, after stating that it was aware of its discretion under § 1447(e), concluded that Cassidy was not a crucial defendant in this case because Newcombe only sought (1) an injunction, which could only be enforced against the other defendants, and (2) money damages, which could be fully satisfied by the other defendants. In addition, the district court concluded that Newcombe would not suffer undue prejudice due to Cassidy's absence as a party because he could subpoena Cassidy to testify at trial, and if he so chose, he could still proceed separately against Cassidy in state court. We agree with these conclusions and therefore conclude that the district court did not abuse its discretion in denying Newcombe's motion to remand.

1    *Id.*

2        In two unpublished decisions issued since *Newcombe*, the Ninth Circuit has continued to

3    apply Section 1447(e) in situations such as this (and not Rule 15). *See 3WL, LLC v. Master Prot.,*

4    *LP*, 851 F. App'x 4, 7 (9th Cir. 2021) (applying Section 1447(e) and reasoning that "[b]ecause

5    '[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the district court

6    the discretion to deny joinder,' this court has upheld such denials where the district court

7    'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no

8    injustice would occur.'") (citing *Newcombe*); *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F.

9    App'x 405, 407 (9th Cir. 2016) ("Plaintiffs sought leave to amend the complaint . . . The district

10   court properly denied the motion because the proposed amendment sought to rejoin diversity-

11   destroying defendants under the analysis required by 28 U.S.C. § 1447(e).").

12       Based on these published and unpublished Ninth Circuit cases, this Court concludes that it

13   must analyze the instant motion to amend under 28 U.S.C. § 1447(e). The analysis of proposed

14   amendment under § 1447(e) requires higher scrutiny than standard amendment under Federal

15   Rule of Civil Procedure 15. *Lieberman v. Wal-Mart Stores, Inc*., No. 2:12-CV-1650 JCM PAL,

16   2013 WL 596098 * 1 (D. Nev. Feb. 15, 2013). Courts have broad discretion when deciding

17   whether to permit diversity destroying joinder. *3WL,* 851 F. App'x at 7.

18       The Court further concludes that, based on *Newcombe*, it should consider the prejudice to

19   the Plaintiff, balance the equities, and determine whether injustice would occur. *See Newcombe*,

20   157 F.3d at 691; *id.* at 7 ("this court has upheld such denials where the district court 'considered

21   the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice

22   would occur.'"). The Court acknowledges that district courts in the Ninth Circuit sometimes

23   apply various factors in evaluating motions to amend under Section 1447(e); however, different

24   courts apply different factors (or none at all). *See, e.g.*, *Sanchez by & through Gomez v. Target*

25   *Corp., LLC*, No. 221CV00058KJDDJA, 2021 WL 952095, at *1 (D. Nev. Mar. 12, 2021)

26   (applying six factors); *O'Leary v. Smith's Food & Drug Centers, Inc.*, No., 2019 WL 1217296, at

27   *1 (D. Nev. Feb. 25, 2019), *report and recommendation adopted,* No. 2:18-CV-2150-GMN-VCF,

28   2019 WL 1207931 (D. Nev. Mar. 14, 2019) (applying three factors); *Resendez v. Smith's Food &*

1   *Drug Centers, Inc.*, No. 2:14-CV-00201-APG-NJK, 2015 WL 875300, at *1 (D. Nev. Mar. 2,

2   2015) (applying four factors); *Glaster v. Dollar Tree Stores, Inc.*, No. 215CV00252MMDVCF,

3   2016 WL 128139, at *2 (D. Nev. Jan. 12, 2016) (noting that "some district courts in the Ninth

4   Circuit have applied a multi-factor test to this analysis, assessing the motives behind seeking

5   joinder, and whether joinder would affect subject matter jurisdiction. Many of those factors,

6   however, appear to arise from Ninth Circuit case law that predates the 1988 enactment of

7   § 1447(e) in its current form."). Accordingly, rather than choosing a set of factors to apply, the

8   Court follows the Ninth Circuit in *Newcombe* and subsequent unpublished cases and will assess

9   the prejudice to the Plaintiff, balance the equities, and determine whether injustice would occur.

10      First, Plaintiff will not be prejudiced if she is denied leave to amend. It is not critical for

11   Plaintiff to add Leonardo Lopez as a party in order to obtain the relief he seeks. That is because,

12   should she prevail, Costco must answer for the acts of its employees. *Nat'l Convenience Stores,*

13   *Inc. v. Fantauzzi*, 94 Nev. 655, 658 (1978). While Plaintiff declares that she must first obtain a

14   judgment against Leonardo Lopez in order to recover under *respondeat superior*, she does not

15   acknowledge that a judgment solely against Costco will obtain the same result. Importantly,

16   Costco admits that Mr. Lopez was acting in the course and scope of his employment. Thus, this is

17   not a case in which Costco will claim *respondeat superior* liability does not attach.  Additionally,

18   Plaintiff would not suffer undue prejudice from Mr. Lopez's absence as a party because she could

19   subpoena him to testify at trial. *See Newcombe*, 157 F.3d at 691. Lastly, to the extent Plaintiff

20   asserts that Mr. Lopez owes her a duty separate and apart from those owed as an agent of Costco,

21   a separate claim can be filed in state court.

22      Second, the Court balances the equities of allowing amendment versus denying

23   amendment. If the Court allows amendment, Plaintiff may be able to sue Mr. Lopez (and Costco)

24   in state court. Should both Costco and Mr. Lopez be found negligent in state court, Costco would

25   ultimately be responsible for any damages under the doctrine of *respondeat superior*. If

26   amendment is not allowed, Plaintiff would still be able to obtain relief for the actions of Mr.

27   Lopez even if Costco is the only defendant in the case under a theory of *respondeat superior*.

28   Thus, the equities do not favor amendment.

1    Third, the Court determines that injustice would not occur if Plaintiff was not allowed to

2 amend his complaint. As previously discussed, Mr. Lopez is not a critical defendant in this case,

3 Plaintiff can obtain complete relief from Costco, and she can still pursue distinct claims against

4 Mr. Lopez in state court. Accordingly, no injustice will occur if Plaintiff is not permitted to

5 amend her complaint.

6    Considering all these factors, the Court, in its discretion under 28 U.S.C. § 1447(e),

7 recommends that Plaintiff's motion to amend be denied to the extent that Leonardo Lopez will

8 not be substituted as a party. Should Plaintiff wish to amend the complaint by (1) clarifying the

9 type of equipment that caused the accident, and/or (2) adding that she is pursuing a *respondeat*

10 *superior* theory of liability, and/or (3) removing the Doe Equipment Operator, she must do so

11 within 15 days of this Order.

12 **III.    CONCLUSION AND RECOMMENDATION**

13    **IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend (ECF No. 16)

14 be **DENIED in part and GRANTED in part.**

15                                **NOTICE**

16    This report and recommendation is submitted to the United States district judge assigned

17 to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation

18 may file a written objection supported by points and authorities within fourteen days of being

19 served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely

20 objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d

21 1153, 1157 (9th Cir. 1991).

22

23    DATED this 9th day of January 2024.

24                                            _____

25                                            BRENDA WEKSLER
                                              UNITED STATES MAGISTRATE JUDGE

26

27

28